United States District Court
For the Northern District of California

1
2
3
4
5                                    **NOT FOR PUBLICATION**
6                      IN THE UNITED STATES DISTRICT COURT
7
8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  SALMA MERRITT, DAVID MERRITT, and            No. C 13-01391 JSW
   BEATRICE PACHECO-STARKS,
10                                              **ORDER RESOLVING MOTIONS
                   Plaintiffs,                  AND SETTING DEADLINES**
11
        v.
12                                              **(Docket Nos. 14, 17, 19, 42, 54)**
   KEVIN E. MCKENNEY, THOMAS W.
13 CAIN, MARK H. PIERCE, SOCRATES P.
   MANOUKIAN, SANTA CLARA SUPERIOR
14 COURT, LYNN SEARLE, and MICHAEL G.
   DESMARAIS, et al.,
15
                   Defendants.
16
17 _____/

18                              **INTRODUCTION**

19        This matter comes before the Court on consideration of: (1) the Motion to Dismiss filed

20 by Kevin E. McKenney ("Judge McKenney"), Thomas W. Cain ("Judge Cain"), Mark H. Pierce

21 ("Judge Pierce"), Socrates P. Manoukian ("Judge Manoukian") (collectively the "Judicial

22 Defendants"), and Santa Clara Superior Court ("Superior Court") (the Superior Court and the

23 Judicial Defendants shall be referred to collectively as the "Court Defendants"); (2) the Motion

24 to Dismiss filed by Lynn Searle ("Ms. Searle") and Michael G. Desmerais ("Mr. Desmerais")

25 (collectively, the "Attorney Defendants"); (3) the Motion for Leave to File a Second Amended

26 Complaint, filed by Plaintiffs Salma Merritt ("Dr. Merritt"), David Merritt ("Mr. Merritt")

27 (collectively "the Merritts"), and Beatrice Pacheco-Starks ("Ms. Pacheco"); (4) the Motion for

28 Leave to File an Amicus Brief, submitted by Dr. Karin Huffer; and (5) the Motion to Appoint

1  Counsel for Ms. Pacheco, filed by Mr. Merritt.

2          The Court has considered the parties' papers and, in the interests of justice, it has

3  considered all of Plaintiffs' filings, even though some of them were not filed in a timely fashion

4  or were filed after briefing was closed and without leave of Court.  The Court also has

5  considered relevant legal authority and the record in this case, and it finds the motions suitable

6  for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).

7          The Court VACATES the hearing scheduled for August 30, 2013.  The Court DENIES

8  the motion for leave to file an amicus brief.  The Court GRANTS the motions to dismiss.  The

9  Court DISMISSES WITHOUT PREJUDICE the claims that are purportedly brought by Ms.

10  Pacheco, and it DENIES the motion to appoint counsel on her behalf.  The Court DISMISSES

11  WITH PREJUDICE the claims brought by the Merritts against the Judicial Defendants and the

12  Attorney Defendants.  The Court will grant the Merritts the opportunity to seek leave to amend

13  the claims asserted against the Superior Court and to add claims against Georgia Ku, on the

14  terms set forth in this Order.

15                                    **BACKGROUND**

16  **A.      Procedural History.**

17          On March 28, 2013, the Merritts filed the original complaint in this action, in which they

18  asserted claims against Judge McKenney, Judge Pierce, Judge Manoukian and the Superior

19  Court.  (Docket No. 1.)  On April 26, 2013, the Merritts and Ms. Pacheco filed the First

20  Amended Complaint ("FAC"), which added Ms. Pacheco as a putative plaintiff, and added

21  Judge Cain, Ms. Searle, and Mr. Desmerais as defendants.[1]

22          In the FAC, the Merritts and Ms. Pacheco assert five claims for relief: (1) violations of

23  the Americans with Disabilities Act ("ADA"), 42 U.S.C. Sections 12101, *et seq.*; (2) violations

24  of the ADA, 42 U.S.C. Section 12203; (3) violations of the Unruh Civil Rights Act, California

25  Civil Code Sections 51, *et seq.*; (4) violations of the Disabled Persons Act, California Civil

26

27

28          [1]      Although the case caption lists Ms. Pacheco's last name as "Pacheco-Starks,"
the Court shall not follow this convention, for reasons set forth later in this Order.

*United States District Court*
For the Northern District of California

1  Code, Sections 54, *et seq.*; and (5) Conspiracy to Retaliate Against Person Aiding Disabled

2  Person.

3          On May 7, 2013, the Court Defendants moved to dismiss the FAC.  (Docket No. 14.)

4  On May 21, 2013, the Attorney Defendants moved to dismiss the FAC.  (Docket No. 17.)  On

5  May 30, 2013, Plaintiffs filed a motion for leave to file a Second Amended Complaint ("SAC").

6  (Docket No. 19.)

7          On July 2, 2013, Plaintiffs filed a motion to appoint counsel for Ms. Pacheco.  (Docket

8  No. 42.)  On July 28, 2013, Plaintiffs filed a request to replace their proposed SAC with a

9  revised version.  (Docket No. 51.)  On August 1, 2013, Dr. Huffer filed the motion for leave to

10  file an amicus brief.  (Docket No. 54.)  On August 6, 2013, Meryl M. Lanson filed an

11  "Appearance of Second *Amicus Curiae*," in which she states her intent to join Dr. Huffer's

12  brief.  (Docket No. 56.)

13  **B.      Factual Background.[2]**

14          **1.      The Merritts.**

15          Mrs. Merritt has fibromyalgia "and other diagnosed disabilities," and she alleges that, as

16  a result of her condition, she is "unable to attend, or participate in, certain matters which

17  requires more than a few hours, many times less, periods of time, focus, energy, concentration,

18  inability to think, or remain in prolonged fixed positions.  She suffers from cognitive

19  impairment," requires certain therapies, and should not be subjected to abnormal stresses.

20  (FAC ¶ 19.)  Mr. Merritt is Mrs. Merritt's primary caretaker.  (*Id.* ¶ 20.)

21          According to the Merritts, in 2006 they were defrauded by Countrywide Home Loans,

22  learned of the fraud in 2009, and have been engaged in litigation as a result since then in

23  Superior Court.  (*Id.* ¶¶ 23-24.)  The Merritts also allege they have been engaged in litigation

24  with the City of Sunnyvale in Superior Court.  (*Id.* ¶¶ 25-26; *see also* Docket No. 14-1, Court

25  Defendants' Request for Judicial Notice ("Court Defs. RJN"), Ex. B.)  The Merritts allege that,

26

27  ─────────────────

28          [2]      The Court takes the facts from the FAC, which, at this point, is the operative
    pleading in this action.

*United States District Court*
*For the Northern District of California*

1    during the course of the state court cases, they have made requests for accommodations

2    pursuant to the ADA.

3         The Merritts allege that "Defendants do not have a practice or policy where once a

4    limitation is found to exist, that all other judges must follow that order, and [they] have been

5    forced to file ADA Request[s] each and every time new proceedings or conditions arose where

6    accommodations had to be afforded due to Mrs. Merritts disabilities [*sic*]."  (FAC ¶ 36.)  The

7    Merritts further allege that the Judicial Defendants have usurped the role of the Superior Court's

8    ADA administrators, have routinely denied their requests for ADA accommodations, and have

9    retaliated against them for making these requests.  According to the Merritts, this happened only

10   after they successfully disqualified a state court judge from presiding over a case pending in

11   state court.  (*See generally* FAC ¶¶ 32-73.)  The Merritts repeat these allegations in more detail

12   in their proposed revised SAC.[3]  (*See, e.g.,* Docket No. 51-1, Revised Proposed SAC ¶¶ 52-55,

13   58-66.)

14        **2.    Ms. Pacheco.**

15        According to the FAC, Ms. Pacheco is a "qualified person with disabilties under ADA

16   in need of Aide [*sic*]," because she has severe vision impairments and is weak from age.  (*Id.* ¶¶

17   10, 78.)  The record also shows that, in October 2012, Judge Cain appointed Stephen Pacheco

18   ("Mr. Pacheco"), her son, to act as temporary conservator for Ms. Pacheco-Starks.  (Docket No.

19   17-2, Attorney Defendants' Request for Judicial Notice ("Attorney Defs. RJN"), Ex. 1; *see also*

20   FAC ¶¶ 38, 81.)  Ms. Searle represents Mr. Pacheco, and Mr. Desmerais was appointed by

21   Judge Cain to represent Ms. Pacheco's interests.  (Attorney Defs. RJN, Exs. 2, 3.)

22        On or about December 14, 2012, after Judge Cain issued a temporary restraining order

23   against him, Marreon Gene Starks ("Mr. Starks"), who was Ms. Pacheco's caregiver, took Ms.

24   Pacheco to Las Vegas and married her.  (Attorney Defs. RJN, Exs. 5, 6; *see generally* FAC ¶¶

25   74-97; *see also* Docket No. 42-2, Declaration of Marreon Gene Starks, ¶¶ 2, 17.)  That marriage

26   has since been annulled.  (Attorney Defs. RJN, Ex. 5.)

27

28        [3]      The Court has considered the allegations in the revised proposed SAC for
     purposes of determining whether it would be futile to grant the Merritts leave to amend.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    According to the allegations in the FAC, Mr. Starks and Ms. Pacheco asked for Mr.

2  Merritt's assistance to terminate the conservatorship, to terminate Mr. Desmerais as her

3  attorney, and to disqualify Judge Cain from the proceedings.  Mr. Merritt then filed papers in

4  the conservatorship proceedings that purport to reflect Ms. Pacheco's true wishes.  (FAC ¶¶ 74-

5  97.)  The FAC also includes allegations that Mr. Merritt submitted two requests for ADA

6  accommodations, which requested that Mr. Merritt be allowed to present her wishes to the

7  Court and to stop Mr. Pacheco from interfering with Ms. Pacheco's contacts with Mr. Merritt.

8  (*Id.* ¶¶ 100-103.)  According to Plaintiffs, Judge Cain, Ms. Searle, and Mr. Desmerais

9  summoned Mr. Merritt to court, where Judge Cain berated him, falsely told him he could not

10  present requests ADA accommodations on Ms. Pachecho's behalf, and refused to consider the

11  ADA accommodation requests.  (*Id.* ¶¶ 110-123.)

12    The Court shall address specific additional facts as necessary in the remainder of this

13  Order.

14                              **ANALYSIS**

15  **A.    The Court Denies the Motion for Leave to File an Amicus Brief.**

16    Dr. Huffer is the founder and director of Equal Access Advocates, which "focuses upon

17  research and training for persons qualified to become Certified Americans With Disabilities

18  (ADA) Advocates."  (Docket No. 54-2, Declaration of Dr. Karin Huffer ("Huffer Decl."), ¶ 1;

19  Docket No. 54-3, Huffer C.V.)  Meryl M. Lanson seeks to appear as an additional signatory to

20  that brief. Ms. Manson is the founder of the Legal Victim Assistance Project, a non-profit

21  committed to helping those with disabilities gain equal access to the courts.  (Docket No. 56,

22  Appearance of Additional Amicus at 1:20-22, 2:4-15.)

23    Dr. Huffer moves to file an *amicus* brief on the basis that this case presents a question of

24  first impression within the Ninth Circuit regarding the ADA Amendments Act of 2008.  (Huffer

25  Decl., ¶ 10.)

26         The privilege of being heard amicus rests solely within the discretion of
           the court. ... Generally, courts have exercised great liberality in permitting
27         an *amicus curiae* to file a brief in a pending case, and, with further
           permission of the court, to argue the case and introduce evidence. ... There
28         are no strict prerequisites that must be established prior to qualifying for
           amicus status; an individual seeking to appear as *amicus* must merely

1    make a showing that his participation is useful to or otherwise desirable to
2    the court.

3    *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v.*
4    *Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)).[4]

5         A court normally should allow the submission of an amicus brief "when a party is not
6    represented competently or is not represented at all, ... or when the amicus has unique
7    information or perspective that can help the court beyond the help that the lawyers for the
8    parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062,
9    1063 (7th Cir. 1997) (citing *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d
10   203 (9th Cir. 1982) (*per curiam*)); *see also NGV Gaming*, 355 F. Supp. 2d at 1068 (citing *Ryan*,
11   125 F.3d at 1063).

12        It would appear that Dr. Huffer and Ms. Lanson have a stake in this litigation, based on
13   their advocacy for rights of persons with disabilities.  In addition, the Plaintiffs in this case are
14   not represented by counsel.  However, the Court finds that the proposed amicus brief does not
15   provide the Court with any unique information or a unique perspective on the issues raised in
16   this case.

17        Accordingly, exercising its discretion, the Court DENIES the motion to file an *amicus*
18   brief.

19   **B.    The Court Dismisses, Without Prejudice, the Claims Purportedly Brought by Ms.**
         **Pacheco and Denies the Request to Appoint Counsel on Her Behalf.**
20

21        Each of the Defendants moves to dismiss the claims that Ms. Pacheco purports to assert
22   against them.  The Defendants correctly note that Ms. Pacheco has signed neither the FAC nor
23   the Proposed Revised SAC, as required by Federal Rule of Civil Procedure 11(a).  Further, Mr.

24   _____

25        [4]    Dr. Huffer and Ms. Lanson state that they seek to appear solely to assist the
     Court, although their briefs very clearly advocate the Plaintiffs' position.  The Court does not
26   find that fact fatal to their request, because the Ninth Circuit has noted that participation by
     *amici* with partisan interests is now more common than an *amici's* traditional role as "a non-
27   partisan provider of legal information of perspective to the court."  *NGV Gaming, Ltd. v.*
     *Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2008) (citing *Funbus*
28   *Systems, Inc. v. California Public Utilities Comm'n*, 801 F.2d 1120, 1124-25 (9th Cir.
     1986)).

**United States District Court**
For the Northern District of California

1    Merritt, who purportedly verified the FAC on her behalf, is not an attorney.  Although Mr.

2    Merritt "may appear *in propria persona* in his own behalf, that privilege is personal to him. ...

3    He has no authority to appear as an attorney for others than himself."  *C.E. Pope Equity Trust v.*

4    *United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted); *accord Johns v. County of*

5    *San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997); *see also* N.D. Civ. L.R. 3-9(a) ("Any party

6    representing him or herself without an attorney must appear personally and may not delegate

7    that duty to any other person who is not a member of the bar of this Court.").  Thus, Mr. Merritt

8    has no authority to bring this action on Ms. Pacheco's behalf.

9         Moreover, based on the record before this Court, it is undisputed that Ms. Pacheco is the

10   subject of a conservatorship and findings have been made that she "lacks the capacity to

11   participate in annulment or dissolution proceedings on her own behalf."  (Attorney Defs. RJN,

12   Ex. 4 at p. 4.)  "A minor or an incompetent person who does not have a duly appointed

13   representative may sue by a next friend or by a guardian ad litem.  The court must appoint a

14   guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person

15   who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).

16        Mr. Merritt has filed a motion to appoint counsel for Ms. Pacheco.  Although he has no

17   authority to make that motion, in light of Rule 17(c)(2), the Court has considered, *sua sponte*

18   whether it should appoint a guardian ad litem on her behalf, and concludes it will not.  In

19   making this decision, the Court finds guidance in *Berrios v. New York City Housing Authority*,

20   564 F.3d 130 (2d Cir. 2009).  In *Berrios*, the plaintiff filed suit on behalf of his nephew and

21   asserted that the defendant violated numerous federal laws when it dealt with the plaintiff's

22   nephew's application for public housing.  *Id.* at 131-32.  The district court dismissed for failure

23   to state a claim.  *Id.* at 132.  On appeal, the court ruled that the district court should not have

24   passed on the merits of the claim.

25        A party in a civil case has no constitutionally guaranteed right to the
          assistance of counsel.  Thus, although "[t]he court may request an attorney
26        to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1),
          it may properly deny a motion to appoint counsel – even for a minor or
27        incompetent person – when it is clear that no substantial claim might be
          brought on behalf of such a party[.] ... What the court may not properly do,
28        however, is make a merits determination of claims filed on behalf of a
          minor or incompetent person who is not properly represented.

7

1   *Id.* at 134 (additional internal quotations and citations omitted).

2        The court then remanded the case to the district court to make determinations about

3   whether the plaintiff was a suitable guardian ad litem, whether a substantial claim could be

4   made on the nephew's behalf, and whether counsel was necessary. *Id.* at 134-35. The Second

5   Circuit also stated that "[i]f the court determines that [the plaintiff] is not a suitable guardian ad

6   litem, and if the court views it as clear that no substantial claim could be asserted on behalf of

7   [the nephew], it may dismiss the complaint, but without prejudice." *Id.* at 135.

8        Ms. Pacheco does have duly appointed representatives, at least in state court: her son,

9   Mr. Pacheco; and her court appointed attorney, Mr. Desmerais. Based on the allegations in the

10  FAC and based on Ms. Desmerais' status as a defendant in this case, it is clear why those

11  representatives have not appeared in this action on her behalf. As such, Ms. Pacheco is

12  unrepresented in this case. In light of the orders issued in the state court proceedings, the Court

13  finds that neither Mr. Merritt nor Mr. Starks would be a suitable guardian ad litem for her. In

14  addition, although it is not passing on the merits of her claims, for the reasons set forth in

15  Section C, the Court concludes it is clear that no substantial claim could be made on Ms.

16  Pacheco's behalf.

17       Accordingly, following the reasoning in *Berrios*, dismisses the claims that were

18  purportedly brought on Ms. Pacheco's behalf *without prejudice*.

19  **C.    The Court Dismisses the Merritts' Claims.**

20       **1.    Applicable Legal Standards.**

21       When a defendant moves to dismiss a complaint or claim for lack of subject matter

22  jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the

23  claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).

24  Federal courts can only adjudicate cases which the Constitution or Congress authorize them to

25  adjudicate: cases involving diversity of citizenship, or those cases involving a federal question,

26  or where the United States is a party. *See e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511

27  U.S. 375, 377 (1994). A motion to dismiss for lack of subject matter jurisdiction under Federal

28  Rule of Civil Procedure 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer,*

*United States District Court*
For the Northern District of California

8

United States District Court

For the Northern District of California

373 F.3d 1035, 1039 (9th Cir. 2004).  Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, as is the case here, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her.  *Fed'n of African Am. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir. 1996).

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  The Merritts are proceeding *pro se*, and the Court must construe *pro se* filings liberally.  *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**2.** **The *Rooker-Feldman* Doctrine.**

The Court Defendants and Attorney Defendants move to dismiss, in part, on the basis that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine.[5]  The *Rooker-Feldman* doctrine "bars federal courts from 'exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.'"  *Wolfe v. Strankman*, 392 F.3d 358, 363 (9th Cir. 2004) (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

---

[5]     *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

United States District Court

For the Northern District of California

1

2

3

4

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in a federal district court.  If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

5   *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

6          In *Wolfe*, the plaintiff sought a declaratory judgment that California's Vexatious Litigant

7   Statute was unconstitutional, and he also sought prospective injunctive relief to bar enforcement

8   of the statute.  *Wolfe*, 392 F.3d at 360.  The defendants successfully moved to dismiss on the

9   basis of *Rooker-Feldman*.  *Id.* at 362.  However, the Ninth Circuit reversed.  Although the

10  plaintiff previously had been declared a vexatious litigant, there was no outstanding vexatious

11  litigant order at the time he filed suit.  Thus, "there was no state court judgment from which he

12  could have been seeking relief," and the court concluded that the case did not constitute a de

13  facto appeal of the decision below.  *Id.* at 363-64.

14         The Merritts argue that *Rooker-Feldman* does not apply, because they are asserting

15  ADA claims, and they attempt to frame their allegations as independent legal wrongs.  The

16  Merritts expressly ask that the Court "[o]rder injunctive relief requiring defendants to undo any

17  and all orders which are found to have derived from retaliation, interference with or failures to

18  provide disability accommodations."  (FAC, Prayer for Relief, ¶ 6; *see also* Proposed Revised

19  SAC, Prayer for Relief, ¶ 6.)

20         It is evident that the Merritts' claims and the harms they claims to have suffered are

21  based on allegedly erroneous legal decisions, *i.e.* the decisions to deny their requests for

22  continuances, to limit the time for depositions, the decisions to deny a motion to amend, and the

23  decisions to declare the Merritts vexatious litigants.  (*See* FAC ¶¶ 43-67.)  In order to grant the

24  Merritts the relief they seek, this Court would have to reach the conclusion that the decisions

25  rendered below were in error.  They have "assert[ed] as a legal wrong an allegedly erroneous

26  decision by a state court," and they seek relief from a judgment based on that decision.  *Noel*,

27  341 F.3d at 1164; *see also Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030

28

1   (9th Cir. 2001) (Where "the district court must hold that the state court was wrong in order to

2   find in favor of the plaintiff, the issues presented are inextricably intertwined.").

3          Accordingly, the Court concludes that it lacks jurisdiction over this matter, and it

4   GRANTS the motions to dismiss the Merritts' claims, in part, on that basis.  However, even if

5   this Court did have jurisdiction, it still would grant the motions to dismiss for the reasons set

6   forth in the following sections.

7          **2.      The Court Dismisses the Merritts' Title II ADA Claims Against the Judicial
                 Defendants in their Individual Capacity.**

8

9          The Merritts bring claims against the Judicial Defendants under Title II of the ADA, and

10   they have sued each of the Judicial Defendants in their individual and official capacities.  (FAC

11   ¶¶ 11-14.)[6]  However, Title II of the ADA applies to public entities, *i.e.*, "any State or local

12   government," or "any department, agency, special purpose district, or other instrumentality of a

13   State or States or local government."  42 U.S.C. §§ 12131(1)(A)-(B), 12132.

14          Accordingly, the Court GRANTS the motion to dismiss the Title II claims to the extent

15   the Merritts assert them against the Judicial Defendants in their individual capacities.  *See*

16   *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *cf. Ervin v. Judicial Council of*

17   *California*, 307 Fed. Appx. 104, 2009 WL 118956, at *1 (9th Cir. 2009).

18          **3.      The Merritts' Claims Against the Judicial Defendants Also Are Barred by
                 the Doctrine of Judicial Immunity.**

19

20          The Judicial Defendants move to dismiss on the basis that all of the Merritts' claims

21   against them are barred by the doctrine of judicial immunity.  "[J]udicial immunity is an

22   immunity from suit, not just from ultimate assessment of damages."  *Mireless v. Waco*, 502

23   U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  "Judicial

24   immunity applies 'however erroneous the act may have been, and however injurious in its

25   consequences it may have proved to the plaintiff.'"  *Ashelman v. Pope*, 793 F.2d 1072, 1075

26   (9th Cir. 1986) (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)).  A judge lacks immunity

27

28          [6]      In the proposed revised SAC, the Merritts assert that the Judicial Defendants
     are sued only in their individual capacities.  (*See, e.g.,* Proposed Revised SAC ¶¶ 13-16.)

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   only when he or she acts "in the clear absence of all jurisdiction ... or performs an act that is not

2   'judicial' in nature." *Id.* (internal citation omitted). Thus, "absolute judicial immunity does not

3   apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges

4   may on occasion be assigned to perform." *Forrester v. White,* 484 U.S. 219, 227 (1988).

5         The Merritts argue that the Judicial Defendants are not entitled to judicial immunity,

6   because they usurped the function of the Superior Court's ADA Coordinator and acted in an

7   administrative capacity. An act is considered "judicial" when it is a function normally

8   performed by a judge and the parties dealt with the judge in his judicial capacity. *See Stump*,

9   435 U.S. at 362. To determine if an individual acted in an official judicial capacity, a court

10  must analyze whether: "(1) the precise act is a normal judicial function; (2) the events occurred

11  in the judge's chambers; (3) the controversy centered around a case then pending before the

12  judge; and (4) the events at issue arose directly and immediately out of a confrontation with the

13  judge in his or her official capacity." *Id.* (citation omitted); *see also Duvall v. County of Kitsap*,

14  260 F.3d 1124, 1133 (9th Cir. 2001).

15        In *Duvall*, the Ninth Circuit concluded that a judge's refusal to grant the plaintiff's

16  motion for a videotape display, as an accommodation during trial, was protected by judicial

17  immunity. *Id.* at 1133. The Court has considered the facts alleged in the FAC, and although the

18  Merritts argue that the actions of the Judicial Defendants were purely administrative, as in the

19  *Duvall* case, the allegations show that the acts in question are normal judicial functions, *i.e.*

20  ruling on motions for continuances, requests relating to discovery procedures, and other judicial

21  proceedings. Further, the events described in the FAC arose out of confrontations with the

22  Judicial Defendants in their official capacities during court proceedings. It also is clear to the

23  Court that the actions about which the Merritts complain centered around cases pending before

24  the Judicial Defendants, *including* the actions taken by Judge Cain. (*See, e.g.,* FAC ¶¶ 43-67.)

25  Thus, the Court concludes that the allegations in the FAC demonstrate that the actions taken

26  were judicial in nature. *See Duvall*, 260 F.3d at 1133; *see also Brown v. Cowlitz County*, 2009

27  WL 3172778, at *4 (W.D. Wa. Sept. 29, 2009) (controlling use of service dog in courtroom

28  protected by judicial immunity).

1      Accordingly, the Court GRANTS the motion to dismiss on this basis as well.

2          **4.      The Court Dismisses Mr. Merritt's Claim Against the Attorney Defendants.**

3      Mr. Merritt asserts a claim against the Attorney Defendants for conspiracy to retaliate

4  against a person aiding a disabled person, pursuant to the anti-retaliation provision of the ADA,

5  42 U.S.C. Section 12203.  (*See* FAC ¶¶ 154-164.)  A plaintiff must plead specific facts to

6  support the existence of an alleged conspiracy.  *See, e.g, Kendall v. VISA USA, Inc.*, 518 F.3d

7  1042, 1047-48 (9th Cir. 2008) (citing *Twombly*, 550 U.S. at 564); *Burns v. County of King,* 883

8  F.2d 819, 821 (9th Cir. 1989) (concluding plaintiff's allegations were conclusory in nature and

9  insufficient to show alleged conspiracy to violate civil rights, in violation of 42 U.S.C. Section

10 1985); *Karim-Panahi v. Los Angeles Police Department,* 839 F.2d 621, 626 (9th Cir. 1988) ("A

11 mere allegation of conspiracy without factual specificity is insufficient").  Although Mr. Merritt

12 claims that Ms. Searle and Mr. Desmerais "joined in ... a conspiracy," "planned" and "agreed

13 among themselves" about how they would accomplish the objectives of the alleged conspiracy,

14 there are no underlying facts to support those allegations.  Rather these are legal conclusions

15 couched as fact and are insufficient to allege a conspiracy.

16     Accordingly, the Court GRANTS the Attorney Defendants' motion to dismiss on this

17 basis as well.

18         **5.      The Court Dismisses the Merritts' Claims Against the Superior Court.**

19     The Merritts allege that the Defendants, collectively, "have a practice or policy of

20 requiring the Plaintiffs to reapply for accommodations over-and-over, each time that they need

21 to have accommodations for upcoming proceedings, even though Mrs. Merritts [*sic*] disabilities

22 are permanent and not temporary in nature."  (FAC ¶ 4.)  However, the Merritts do not include

23 any facts that explain how - or even suggest - that this policy is either discriminatory or

24 retaliatory in nature.  Moreover, apart from these allegations, the Merritts do not include any

25 allegations regarding how the Superior Court allegedly violated the ADA, other than the

26 allegations regarding the actions taken by the Judicial Defendants.

27     Accordingly, the Court GRANTS the motion to dismiss claims brought against the

28 Superior Court.

1    **D.    Motion for Leave to Amend.**

2         The Court has dismissed the claims asserted in the FAC, and it now turns to the

3    Merritts' request to file the Proposed Revised SAC.  In general, if the allegations are

4    insufficient to state a claim, a court should grant leave to amend, unless amendment would be

5    futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss*

6    *& Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).  In

7    addition, a court should grant a *pro se* litigant leave to amend, "'unless it is absolutely clear that

8    the deficiencies could not be cured by amendment.'"  *Ahktar v. Mesa*, 698 F.3d 1202, 1212 (9th

9    Cir. 2012) (quoting *Shucker v. Rockwood*, 809 F.2d 1446, 1448-49 (9th Cir. 1988)).

10        For the same reasons the Court has dismissed the claims that were purportedly brought

11   on Ms. Pachecho's behalf, the Court DENIES the motion for leave to amend.

12        The Court also has carefully reviewed the amendments to the allegations against the

13   Judicial Defendants, including the new claims asserted pursuant to 42 U.S.C. Section 1983 and

14   1985.  The Merritts also assert these new claims against the Attorney Defendants.  The Court

15   concludes that the proposed amendments would not cure the deficiencies identified in Sections

16   C.2 through C.4.[7]  The Proposed Revised SAC is the third iteration of the Merritts' complaint.

17   The Court recognizes that, in general, it should grant *pro se* litigants leave to amend.  However,

18   the Court concludes that it is clear that the Merritts could not cure these deficiencies and, thus,

19   amendment would be futile.  Accordingly, the Court dismisses the claims against the Judicial

20   Defendants and the Attorney Defendants with prejudice.

21        Finally, in their proposed revised SAC, the Merritts seek to add Georgia Ku, the

22   Superior Court's ADA Coordinator, as a defendant in her individual capacity.  They also renew

23   their allegations against the Superior Court.  For the reasons set forth above, the Court

24   concludes that the Merritts fail to allege any facts showing how either Ms. Ku or the Superior

25   Court violated the ADA.  However, out of an abundance of caution, the Court will grant the

26

27

28        [7]      In addition, the newly added Section 1983 claims appear to be entirely
     derivative of the claims under the ADA.

14

1   Merritts one final opportunity to seek leave to amend the claims against Ms. Ku and the

2   Superior Court, on the terms set forth below.

3           Accordingly, the Court GRANTS, IN PART, AND DENIES, IN PART, the motion for

4   leave to amend.

5                                        **CONCLUSION**

6           For the foregoing reasons, the Court DENIES the motion for leave to file an amicus

7   brief, DISMISSES, WITHOUT PREJUDICE, the claims purportedly brought by Ms. Pacheco,

8   DISMISSES the Merritts' claims against the Judicial Defendants and the Attorney Defendants,

9   with prejudice.  The Court will grant the Merritts one final opportunity to amend the claims

10  against Ms. Ku and the Superior Court, on the following terms:  (1) the Merritts shall file a

11  motion for leave to amend their third amended complaint, accompanied by the proposed Third

12  Amended Complaint, by no later than September 27, 2013.  The Merritts shall not include any

13  claims on Ms. Pacheco's behalf and shall not include any claims against the Judicial

14  Defendants; (2) Ms. Ku and the Superior Court shall file their opposition brief to the motion for

15  leave to amend by no later than October 11, 2013; (3) the Merritts' reply brief shall be due by

16  no later than October 18, 2013.  Unless it determines that a hearing is necessary, the Court shall

17  resolve the motion for leave to file a third amended complaint on the papers.

18          The Court HEREBY ADVISES the Merritts that a Handbook for Pro Se Litigants,

19  which contains helpful information about proceeding without an attorney, is available through

20  the Court's website or in the Clerk's office.  The Court also advises the Merritts that they also

21  may wish to seek assistance from the Legal Help Center.  The Merritts may call the Legal Help

22  Center at 415-782-8982 or sign up on the 15th Floor of the Courthouse, Room 2796, for a free

23  appointment with an attorney who may be able to provide basic legal help, but not legal

24  representation.

25          **IT IS SO ORDERED.**

26  Dated: August 27, 2013                          _____
                                                    JEFFREY S. WHITE
27                                                  UNITED STATES DISTRICT JUDGE

28

**United States District Court**
For the Northern District of California

15